UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILTON REASSURANCE LIFE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN CESTARO, JOHN FERZOLA, JOSEPH FERZOLA, PATRICIA LANIER, JOANNA LOVE, ARTHUR BELFIORE, STEVEN FRANK, SUSAN OLSON, RANDY FRANKE, CHRISTOPHER MERANTE, DONNA DIGREGORIO, ANDREA DENARDO, DARIA DEGANO, CHRISTINE GIRADELLI, ANTHONY MERANTE, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>    Defendants. | Case No. _____ |

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Wilton Reassurance Life Company of New York ("WRNY"), by and through its attorneys, hereby files this Complaint for Interpleader against Defendants Carolyn Cestaro, John Ferzola, Joseph Ferzola, Patricia Lanier, Joanna Love, Arthur Belfiore, Steven Frank, Susan Olson, Randall Franke, Christopher Merante, Donna DiGregorio, Andrea DeNardo, Daria Degano, Christine Giradelli, and Anthony Merante, and Does 1 through 10 (collectively, the "Defendants"). In support thereof, WRNY avers as follows:

**INTRODUCTION**

1.  This is an interpleader action in which WRNY seeks a determination from the Court regarding the proper beneficiary of the proceeds payable on an insurance policy issued on the life of now-deceased John F. Ferzola ("Decedent") because WRNY has received competing claims to the proceeds.

## PARTIES

2. WRNY is a corporation duly organized and existing under the laws of the State of New York and maintains its principal place of business in the State of New York. WRNY is a citizen of New York.

3. Upon information and belief, Carolyn Cestaro ("Carolyn") resides in Oceanside, New York. Carolyn is a citizen of New York.

4. Upon information and belief, John Ferzola ("John") resides in Sugar Hill, Georgia. John is a citizen of Georgia.

5. Upon information and belief, Joseph Ferzola ("Joseph") resides in Jennings, Florida. Joseph is a citizen of Florida.

6. Upon information and belief, Patricia Lanier ("Patricia") resides in Tarpon Springs, Florida. Patricia is a citizen of Florida.

7. Upon information and belief, Joanna Love ("Joanna") resides in Rock Hill, South Carolina. Joanna is a citizen of South Carolina.

8. Upon information and belief, Arthur Belfiore ("Arthur") resides in Chatham, New Jersey. Arthur is a citizen of New Jersey.

9. Upon information and belief, Steven Frank ("Steven") resides in West Bend, Wisconsin. Steven is a citizen of Wisconsin.

10. Upon information and belief, Susan Olson ("Susan") resides in West Bend, Wisconsin. Susan is a citizen of Wisconsin.

11. Upon information and belief, Randall Franke ("Randy") resides in New Berlin, Wisconsin. Randall is a citizen of Wisconsin.

12. Upon information and belief, Christopher Merante ("Christopher") resides in Medford, New York. Christopher is a citizen of New York.

13. Upon information and belief, Donna DiGregorio ("Donna") resides in Las Vegas, Nevada. Donna is a citizen of Nevada.

14. Upon information and belief, Andrea DeNardo ("Andrea") resides in Chandler, Arizona. Andrea is a citizen of Arizona.

15. Upon information and belief, Daria Degano ("Daria") resides in Chandler, Arizona. Daria is a citizen of Arizona.

16. Upon information and belief, Christine Giardelli ("Christine") resides in Port Jefferson Station, New York. Christine is a citizen of New York.

17. Upon information and belief, Anthony Merante ("Anthony") resides in Bakersfield, California. Anthony is a citizen of California.

18. WRNY does not presently know the true names of all of the defendants sued under the fictitious names of Does 1 through 10. Furthermore, after diligent search, WRNY is unable to determine if an estate has been opened for either Peter Ferzola ("Peter") or Eileen Ferzola ("Eileen"). Therefore, Defendant Does are the possible estates of Eileen[1] and Peter. Depending on which parties the Court determines is entitled to the insurance proceeds at issue, such estates may not need to be opened to adjudicate this matter.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1335 because the interpleader relief sought relates to a life insurance policy issued by WRNY

---

[1] Upon information and belief, Eileen's only surviving heirs are her maternal cousins; however, WRNY has not been able to independently confirm whether other heirs to Eileen's estate might exist. *See, infra*, ¶ 29.

wherein the proceeds exceed $500, and two or more adverse claimants of diverse citizenship claim to be entitled to the proceeds.

20. Venue is proper in the District of New Jersey, pursuant to 28 U.S.C. § 1397, because one of the defendants resides in this judicial district.

21. WRNY is a disinterested stakeholder obligated under a life insurance policy wherein the death benefit is $100,000. Defendants have conflicting and competing demands to the policy proceeds.

## BACKGROUND FACTS

22. On or about October 3, 1994, WRNY [2] issued a Flexible Premium Adjustable Life Policy (Policy No. LN00540310), insuring the life of Decedent with a face amount of $100,000 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.[3]

23. On the application for the Policy, Decedent designated Eileen, his wife at the time of issuance, as the beneficiary of the Policy. *See* Ex. A, Application at p. 2.

24. On April 24, 2020, Decedent died. A true and correct copy of the Decedent Certificate of Death is attached as Exhibit B.

25. On April 28, 2020, Eileen died. A true and correct copy of Eileen's Certificate of Death is attached as Exhibit C.

26. Carolyn, John, Joseph, and Patricia are the biological children of Decedent (the "Biological Children"). Eileen was the stepmother of the Decedent's Biological Children. Upon information and belief, a fifth sibling, Peter, predeceased Carolyn, John, Joseph, and Patricia. *See, supra,* ¶ 18.

---

[2] The Policy was originally written by North American Company for Life and Health Insurance of New York, which merged into The American Life Insurance Company of New York on September 29, 2006 and changed its name to Wilton Reassurance Life Company of New York.

[3] All exhibits have been redacted to protect privacy and confidentiality.

27. Following the Decedent and Eileen's deaths, Carolyn notified WRNY of the intention of the Biological Children to make a claim for the proceeds of the Policy.

28. On May 8, 2020, WRNY wrote to Carolyn advising that "[s]ince the beneficiary post deceased the insured, the proceeds [were] payable to the Estate of Eileen Ferzola." A true and correct copy of the May 8, 2020 correspondence is attached hereto as Exhibit D. WRNY also requested any estate documentation reflecting the legal representative of Eileen's estate and enclosed a claim packet for execution on behalf of Eileen's estate. *Id.*

29. On May 15, 2020, Carolyn wrote to WRNY describing that Eileen was an only child and never had children, making her cousins her only living heirs. Carolyn stated the cousins did "not wish to claim the proceeds as they would like it to go [to] John Ferzola's (our father) surviving children." A true and correct copy of the May 15, 2020 correspondence is attached hereto as Exhibit E.

30. Carolyn also submitted a claim for the Policy proceeds on behalf of herself, John, Joseph, and Patricia. A true and correct copy of the Children's Claimant Statement is attached hereto as Exhibit F.

31. Joanna, Arthur, Steven, Susan, Randy, Christopher, Donna, Andrea, Daria, Christine, and Anthony are the maternal cousins of Eileen (the "Cousins").

32. On May 26, 2020, Joanna wrote to WRNY regarding the Decedent and Eileen's deaths and the proceeds of the Policy. Consistent with Carolyn's correspondence, Joanna indicated that WRNY had no biological children and that her parents were deceased, making Eileen's only known heirs the Cousins; however, Joanna indicated the Cousins did intend to make a claim for the proceeds of the Policy.

33. Thereafter, WRNY received claims for the Policy proceeds from each of the Cousins. True and correct copies of the Cousins' Claimant Statements are attached hereto as Exhibit G.

34. WRNY has no interest in the Policy proceeds, is an innocent and disinterested stakeholder, and faces competing claims of Defendants to the Policy proceeds.

## COUNT I: INTERPLEADER

35. WRNY incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein at length.

36. Based on the foregoing, there is presently an actual, justiciable controversy between and among Defendants as to their respective rights to the Policy proceeds.

37. WRNY is an innocent stakeholder and claims no title or interest in the Policy proceeds.

38. Due to the competing claims to the Policy proceeds, WRNY is at risk of suffering competing claims and multiple liabilities for payment of the Policy proceeds.

39. Unless the potentially adverse and conflicting claims to the Policy proceeds are resolved in a single proceeding pursuant to an appropriate Court order, WRNY is subject to multiple litigation and is at a substantial risk of suffering multiple liabilities and/or inconsistent rulings as to its liability for the Policy proceeds.

40. By way of this interpleader claim, WRNY requests this Court determine Defendants' respective rights to receive the Policy proceeds.

41. WRNY is prepared to pay the Policy proceeds into Court or to deliver them to a person designated by the Court.

42. WRNY is entitled to reasonable attorneys' fees because it is a disinterested stakeholder in this action.

43. After the Complaint has been served, WRNY will file a Motion for Deposit and tender to this Court the Policy proceeds with any required interest.

**WHEREFORE**, WRNY respectfully requests that this Court:

(1) order Defendants to interplead their respective claims to the Policy proceeds without further involvement of WRNY;

(2) permit WRNY to pay the Policy proceeds into the Court or to deliver them to a person designated by the Court pending the determination of the claims herein;

(3) direct and declare the respective rights of Defendants to receive the Policy proceeds;

(4) discharge WRNY from any and all liability in connection with, arising out of, or related to the Policy, the beneficiary change requests, and the Policy proceeds, as to any and all persons and entities;

(5) enjoin and restrain Defendants from commencing or further prosecuting any other proceedings in any state or United States court against WRNY on account of the Policy proceeds;

(6) award WRNY its costs and attorneys' fees; and

(7) grant any such other and further relief as this Court deems appropriate.

Dated: October 21, 2020

By:  /s/ Christopher F. Petillo
     Christopher F. Petillo (NJ Bar No. 024932010)
     Jessica E. Loesing (NJ Bar No. 113832015)
     FAEGRE DRINKER BIDDLE & REATH LLP
     One Logan Square, Suite 2000
     Philadelphia, PA 19103

T:  (215) 988-2700
F:  (215) 988-2757
Christopher.Petillo@faegredrinker.com
Jessica.Loesing@faegredrinker.com

*Attorneys for Plaintiff, Wilton Reassurance Life Company of New York*